## AFFIDAVIT OF SPECIAL AGENT DEREK BACK
## IN SUPPORT OF A CRIMINAL COMPLAINT

### INTRODUCTION

I, Derek Back, having been first duly sworn, do hereby depose and state as follows:

1. I have been employed as a Special Agent of the Federal Bureau of Investigation ("FBI") for approximately two years and am currently assigned to the Boston Division, Lakeville Resident Agency. I graduated from the FBI's 5-month Basic Field Training Course in Quantico, Virginia in March 2020. While employed by the FBI, I have investigated federal criminal violations related to, among other things, the online sexual exploitation of children. I have participated in the execution of search warrants related to investigations of the online sexual exploitation of children, including child pornography offenses, and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in various forms of media, including computer media.

2. I submit this affidavit is support of a criminal complaint charging Thomas Davis, year of birth 1980, with possession and receipt of child pornography, in violation of 18 U.S.C. § 2252A.

3. Because this affidavit is submitted for the limited purpose of establishing probable cause to secure a criminal complaint, I have not included each and every fact known to me concerning this investigation. Where statements of others are set forth in this affidavit, they are set forth in substance and in part.

### STATEMENT OF PROBABLE CAUSE

4. On or about July 1, 2021, an individual[1] reported to the FBI that a man subsequently

---

[1] As outlined in Sealed Exhibit A, the individual is known to and was interviewed by law enforcement.

identified as DAVIS had displayed a video depicting DAVIS having sexual intercourse with another person who appeared to the reporting individual to be approximately middle-school aged. DAVIS told the reporting individual that DAVIS was a teacher and that the minor was one of his students. Through subsequent investigation, law enforcement confirmed DAVIS's identity and confirmed that he did, in fact, appear to be a teacher at Foxborough High School. As part of that investigation, on August 25, 2021, I obtained federal warrants authorizing the search of Thomas DAVIS's person and residence in Mansfield, Massachusetts for evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252A. The affidavit submitted in support of those warrants is attached hereto as **Sealed Exhibit A**.

5. On August 26, 2021 at approximately 6:30 a.m., the FBI and the Mansfield Police executed the search warrants at the Mansfield residence. Law enforcement encountered DAVIS, the sole resident, at the residence.

6. DAVIS agreed to speak with agents. He was advised of and signed a written waiver of his *Miranda* warnings. The rights advisement, the signing of the waiver form, and the subsequent interview were audio-recorded.

7. During the interview, DAVIS admitted that there was child pornography on his computer. He provided law enforcement with the password to his computer. DAVIS explained that he downloaded child pornography onto his computer by going to an app called "Telegram,"[2] from which he was able to download child pornography from the cloud. DAVIS denied ever touching a child in a sexually inappropriate manner.

---

[2] I am aware, based on information published on Telegram's public website, that Telegram is a messaging application that allows users to exchange texts, photos, videos, and files of any type; to create groups for up to thousands of people or channels for broadcasting to wider audiences;

8.  Pursuant to the search warrant for the residence, law enforcement seized DAVIS's iPhone and Apple MacBook Pro computer. During an on-site initial examination of the Apple MacBook Pro, law enforcement discovered approximately 40 images of child pornography. The child pornography was located in a folder on the computer titled "Pics-Woof." Three of the child pornography images are described below:[3]

    a.  **"matthew_001":** This image depicts a prepubescent boy who appears to be approximately four to six years old holding an adult's erect penis in his hand, while the adult holds the boy's penis in his hand. The boy's face is visible in the image. Information associated with the image indicates that the image was downloaded or transferred to that location on the computer on or about April 20, 2021.

---

and to make voice and video calls. Telegram is an end-to-end encrypted application that is supported by both iOS and Android operating systems, and syncs user data across devices; that is, media accessed or created in the app is kept in cloud storage.

[3] I am aware that the "preferred practice" in the First Circuit is that a magistrate judge view images that agents believe constitute child pornography by virtue of their lascivious exhibition of a child's genitals. *United States v. Brunette*, 256 F.3d 14, 17-19 (1st Cir. 2001) (affiant's "legal conclusion parroting the statutory definition […] absent any descriptive support and without an independent review of the images" insufficient basis for determination of probable cause). Here, however, the descriptions offered "convey to the magistrate more than [my] mere opinion that the images constitute child pornography." *United States v. Burdulis*, 753 F.3d 255, 261 (1st Cir. 2014) (distinguishing *Brunette*). The children described herein are between four and eight years old – in all events, younger than 18. Furthermore, the descriptions of the files here are sufficiently specific as to the age of the alleged children as well as the nature of the sexual conduct pictured in each file, such that the Court need not view the files to find that they depict child pornography. *See United States v. Syphers*, 426 F.3d 461, 467 (1st Cir. 2005) ("The best practice for an applicant seeking a warrant based on images of alleged child pornography is for an applicant to append the images <u>or</u> *provide a sufficiently specific description of the images* to enable the magistrate judge to determine independently whether they probably depict real children.") (emphasis added); *see also United States v. LaFortune*, 520 F.3d 50, 56 (1st Cir. 2008) (similarly emphasizing *Syphers* court's use of "or" in describing the *Brunette* "best practice"). Where I have included such nonconclusory, sufficiently specific descriptions, this Court need not view the imagery to find that they depict child pornography.

  b. **"IMG_1143":** This image depicts two naked adult males with erect penises standing on either side of a naked prepubescent boy who appears to be approximately seven to eight years old. The boy's left hand holds the penis of the male on his left side, while the boy's right hand holds the penis of the male on his right side. Information associated with the image indicates that the image was downloaded or transferred to that location on the computer on or about January 1, 2021.

  c. **"9be89657_d7a145….fece":** This image depicts a boy who appears to be approximately four to six years old with an erect adult penis in his mouth. Information associated with the image indicates that the image was downloaded or transferred to that location on the computer on or about December 31, 2020.

9. Through preliminary examination of DAVIS's iPhone, law enforcement also located the video described by the reporting individual, as referenced above. I viewed the video; it depicts DAVIS (his face is visible in part of the approximately 20-minute video) and a young male who appears to be a teenager, and whose face is visible in portions of the video, engaged in sexual activity, including intercourse and oral sex. DAVIS was questioned about the video and admitted that he was the adult male depicted in the video. DAVIS claimed the young male in the video was 18 years old and that they had met on a particular social media and dating application. DAVIS provided what he believed to be the young male's first name and what he believed to be the town where the young male lived. Investigation into the identity of the young male continues.

10. DAVIS's phone and computer were transported to the Regional Computer Forensic Laboratory, where forensic analysis pursuant to the warrants will continue.

## CONCLUSION

11. Based on the foregoing, I submit that there is probable cause to believe that:

    a. on dates between on or about December 31, 2020 and on or about April 20, 2021, Thomas DAVIS knowingly received, and attempted to receive, any child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been mailed, and using any means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(2)(A); and

    b. On August 26, 2021, Thomas DAVIS knowingly possessed material that contained one and more images of child pornography, as defined in Title 18, United States Code, Section 2256(8), that involved a prepubescent minor and a minor who had not attained 12 years of age, and that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(5)(B).

Sworn to under the pains and penalties of perjury,

_Derek Back / 08 21_
Special Agent Derek Back
Federal Bureau of Investigation

SWORN before me telephonically pursuant to Fed. R. Crim. P. 4.1 this 26th day of August 2021.

2:04 p.m.

_David H. Hennessy_
HONORABLE DAVID H. HENNESSY
UNITED STATES MAGISTRATE JUDGE