UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | |
| | ) | Criminal No: 21-10289-FDS |
| THOMAS DAVIS | ) | |
| Defendant. | ) | |

GOVERNMENT'S SENTENCING MEMORANDUM

The United States submits this Sentencing Memorandum to aid the Court in sentencing the defendant, Thomas Davis.

On September 23, 2021, a federal grand jury in Boston, Massachusetts returned a two-count Indictment charging the defendant, in Count, with Possession of Child Pornography, e, in violation of 18 U.S.C.§ 2252A(a)(5)(B) and (b)(2), and, in Count Two, with Receipt of Child Pornography, in violation of 18 U.S.C.§ 2252A(a)(2)(A).   Docket Entry No. 16.     On February 8, 2023, the defendant pleaded guilty to Counts One and Two of the Indictment pursuant to a Plea Agreement under Federal Rule of Criminal Procedure 11(c)(1)(C).   Docket Entries 77 and 78.

The United States agrees with United States Probation's determination that the defendant's total offense level is 30, his criminal history category is I, and that the defendant's Guidelines sentencing range is 97 to 121 months of incarceration.

The United States asks the Court to impose a sentence, which includes 60 months of confinement and five years of supervised release.

ARGUMENT

As an initial matter, the United States asks the Court to accept the defendant's guilty pleas.   The United States also asks the Court to accept the joint recommendation of 60 months

of confinement.   The United States believes a 60-month sentence is appropriate in this case.

The defendant committed a serious crime.   The possession and receipt of child pornography has real-life painful consequences for its victims.   Although the defendant did not take the videos and still images which portray the sexual victimization of children, he possessed and received those materials for his own pleasure.   As this Court knows from reading victim impact statements in many such cases, pornography victims are victimized and traumatized every time they learn that another individual is deriving sexual satisfaction by looking at images of their rape and abuse.   Once these images are on the internet, it is virtually impossible to remove them.   The victimization of these victims never ends.

Given the defendant's lack of a criminal record and other factors present in this case, the United States believes the recommended sentence of 60 months confinement and five years of supervised release is appropriate.

The government also asks the Court to impose the $5,000 special mandated by 18 U.S. § 3014 (the JVTA assessment) unless the Court finds the defendant indigent.   The defendant is not presently indigent.   According to the Final Presentence Report (paragraph 91), the defendant has and IRA account with $1,500 and a 403B account with $7,000.   The United States ask the Court to order the defendant to pay the entire amount in both accounts to victims seeking restitution.   Once those funds are depleted through the payment of restitution, the defendant will presumably be indigent.   In that case, the United States would not seek the $5,000 JVTA assessment.

Similarly, the defendant is responsible to pay the AVAA Assessment of up to $35,000 unless the Court finds that the defendant is unable to pay.   Assuming that the defendant's assets are depleted through the payment of restitution, the United States would not seek the

AVAA assessment.

A 60-month prison sentence followed by five years of supervised release is a significant sentence.   The defendant also will have to register as a sex offender and will in all likelihood never again work as a public-school teacher.   The consequences of the defendant's crimes are sever, but not excessively harsh   The recommended punishment fits the crime given the totality of the circumstances.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By:     /s/ David G. Tobin
DAVID G. TOBIN
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing upon all counsel of record by electronic filing notice.

/s/ David G. Tobin
DAVID G. TOBIN
Assistant U.S. Attorney