UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No:  21-10289 |
| ) | |
| THOMAS DAVIS, ) | |
| ) | |
| Defendant. ) | |

JOINT REQUEST FOR RESTITUTION

Now come the parties and respectfully submit the following information regarding the restitution requests made by certain of the defendant's victims pursuant to 18 U.S.C. § 2259 and *Paroline v. United States*, 134 S.Ct. 1710 (2014).

The government has identified victims from approximately seven known series in the defendant's collection of child pornography. Of those victims, six of the identified victims, all of whom are represented by counsel, have asked the government to make restitution requests on their behalf. In the time since the sentencing hearing, they have all reached agreement with the defendant to request restitution in the following amounts. Those victims are:

1. Aprilblonde (April)        $4,000
2. Jester (Dipper)            $3,000
3. Sweet White Sugar (Pia)    $3,000
4. Vicky (Lily)               $3,000
5. PD11 (PD11)                $3,000

The parties submit that the submissions filed under seal on behalf of all of the represented victims provide a sufficient basis upon which this Court can and should find that the requested awards are appropriate and reasonable in the context of this case. Those submissions include (varying combinations of) legal memoranda, psychological evaluations, and financial impact assessments. The parties submit that the above-outlined amounts[1] are reasonable determinations of the losses incurred and reasonably projected to be incurred in the future proximately caused by the defendant's offenses. 18 U.S.C. § 2259(c)(2).  The victims' submissions demonstrate that the losses are attributable to the statutory sources—namely, medical services, physical and occupational therapy and rehabilitation, transportation, housing, child care, lost income, attorney's fees, and other "relevant losses incurred by the victim." 18 U.S.C. § 2259(c)(2)(A)-(F). The parties submit that the above amounts do not represent a "token or nominal amount," but instead each is a "reasonable and [circumscribed] award imposed in recognition of the indisputable role of the offender in the causal process underlying the victim's losses and suited to the relative size of that causal role." *Paroline,* supra at 1727. The government therefore requests that this Court order that the defendant pay restitution in the above-outlined amounts.

---

[1] The parties submit that the amounts, as originally requested, would also be appropriate, but understand that legal representatives for certain victims may agree to a lesser amount for varying reasons, including the defendant's financial stability, length of incarceration, and corresponding ability to pay within a certain time period.  Each of the victims has ultimately requested the minimum amount of restitution that may be ordered pursuant to 18 U.S.C. § 2259(b)(2)(B).

Based on all of the foregoing, the parties request that this Court impose restitution in the specified amounts and issue an amended judgment reflecting those awards. The parties do not believe that a hearing on the motion is necessary.

                                          Respectfully submitted,

                                          JOSHUA S. LEVY
                                          Acting United States Attorney

                                    By:  /s/ David G. Tobin_____
                                          DAVID G. TOBIN
Date: 01/26/2024                            Assistant United States Attorney

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic filing.

|  |  |
|---|---|
| | /s/ David G. Tobin |
| Dated: January 26, 2024 | Assistant United States Attorney |